IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DAMION DANTE MAURICE GREEN,**

      Plaintiff,

v.                                                       **Civil Action No. 5:24-CV-73**
                                                                   Judge Bailey

**STATE OF WEST VIRGINIA,**
**BRANDI OTEY,** Parole Officer,
**RALIEGH COUNTY PAROLE OFFICE,**
and **WEST VIRGINIA STATE PAROLE**
**OFFICE & BOARD OF CHARLESTON,**

      Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On April 15, 2024, the plaintiff, a state inmate incarcerated at North Central Regional Jail in Greenwood, West Virginia, filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. The Complaint

In the Complaint, plaintiff brings two claims based on being wrongfully incarcerated. First, in Claim One, plaintiff alleges he is being held on an unsubstantiated parole violation. He alleges that a November 29, 2023 parole hearing was continued but never held and he is being held despite a parole violation never being issued. Second,

in Claim Two, he alleges that defendant Otey has intentionally kept him incarcerated. He alleges Otey is aware that plaintiff's parole was not violated but that she refuses to correspond with plaintiff or plaintiff's counsel regarding his home plan. For relief, plaintiff seeks $20 million in damages and for defendant Otey to be removed from her position.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See **Neitzke** at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

---

[1] ***Id.*** at 327.

## IV. Discussion

The undersigned finds that this case should be dismissed as frivolous. First, the claims against the State of West Virginia, Reliegh (sic) County Parole Office, and West Virginia State Parole Office & Board of Charleston are not valid claims for purposes of § 1983. Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." **Wyatt v. Cole**, 504 U.S. 158, 161 (1992). Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right. **Gomez v. Toledo**, 446 U.S. 635, 640 (1980). Other than defendant Otey, plaintiff has named the State of West Virginia and two State agencies. The Eleventh Amendment bars such suits against the State, and § 1983 does not provide an exception. "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]" **Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989) (citing **Quern v. Jordan**, 440 U.S. 332 (1979)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." **Will**, 491 U.S. at 71.

Second, and more critically, plaintiff's claims challenge his incarceration and denial of parole. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging conditions of his prison life. **Preiser v. Rodriguez**, 411 U.S. 475, 499 (1973). However, In **Heck v. Humphrey**, 512 U.S. 477 (1994), the United States Supreme Court found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

> to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus ...

*Heck* at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. *Heck* at 484.

Here, plaintiff claims he is being wrongfully held without a parole hearing, and a judgment for the plaintiff would necessarily imply the invalidity of plaintiff's sentence. However, he does not allege that his underlying criminal case or the parole board's decision have been invalidated.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's case be **DISMISSED WITH PREJUDICE.**

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United*

*States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  April 17, 2024.

/s. *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE